OPINION
Defendant Ronald Spangler, Jr., appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, dismissing his petition to vacate or set aside sentences previously imposed in December of 1994 and modified in August of 1996. Appellant's petition was brought pursuant to R.C. 2953.21. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT AS DEFENDANT-APPELLANT WAS DENIED THE RIGHT TO A FAIR TRIAL DUE TO PROSECUTORIAL MISCONDUCT WHEN THE PROSECUTOR FAILED TO MAKE EXCULPATORY EVIDENCE FAVORABLE TO THE DEFENDANT-APPELLANT AVAILABLE.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT AS APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENTANT [SIC] -APPELLANT AS THE DENIAL OF APPELLANT'S PETITION FOR POST CONVICTION RELIEF WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The record indicates appellant was convicted for unlawful possession of a dangerous ordinance and aggravated robbery with a firearm specification. This court in State v. Spangler (June 20, 1994), Delaware App. # 93CA09033, unreported, reversed the conviction on search and seizure issues, and remanded the case back to the court of common pleas for a new trial. On re-trial, the jury found appellant not guilty of unlawful possession of a dangerous ordinance but guilty of aggravated robbery with a firearm specification. On appeal, this court affirmed a conviction in State v. Spangler (December 8, 1995), Delaware App. #95CA01001. Next, appellant filed a petition to modify his sentence, which the court sustained, but upon re-sentencing imposed the same sentence previously imposed on the charge of aggravated robbery following the first trial. Appellant then filed the instant petition for post conviction relief, arguing trial counsel failed to advise him appropriately and failed to protect his constitutional rights. The trial court found appellant was not denied or deprived of the effective and adequate assistance of counsel, and found his trial counsel was not derelict in any professional duties. The court found trial counsel was capable, competent, effective, experienced, knowledgeable, and well versed in the art of advocacy in courtroom proceedings in general and criminal cases in particular. The court found no manifest injustice had occurred, appellant had not been denied his constitutional rights, and the judgment and sentences are not void or voidable because of a denial or infringement of the petitioner's rights. The court dismissed appellant's petition and this appeal ensued.
 I
In his first assignment of error, appellant argues the prosecutor committed misconduct in withholding witness' statements and police reports which contained exculpatory evidence. Appellant concedes it is possible defense counsel actually received the information in discovery, but urges the prosecutor should have introduced these documents into evidence during the trial on the merits. The State responds the prosecutor has discretion to select the evidence the State will introduce at trial, and it is not misconduct not to introduce a given piece of evidence. Further, the State alleges the witnesses who were involved in the preparation of the victim statement and the police reports were present and testified at trial, and were subject to cross examination.
The State argues although defense counsel was not really entitled to these documents prior to trial, the prosecution supplied them in discovery. Finally, although appellant alleges the documents contained evidence favorable to the appellant, he does not indicate the nature of the favorable evidence. Instead, appellant argues the record does not clearly demonstrate appellant's guilt.
Our standard of reviewing of a claim of prosecutorial misconduct is to review the alleged instances of misconduct in light of the entire case, see State v. Maurer (1984), 15 Ohio St.3d 239. The United States Supreme Court in United States v.Bagley (1984), 473 U.S. 667, held in determining whether the prosecution improperly suppressed evidence favorable to the accused, the court must determine if there was a reasonable probability the result of the proceeding would have been different had the evidence been disclosed. Reasonable probability means a probability sufficient to undermine confidence in the outcome of the trial. Appellant concedes the record is silent regarding whether the prosecutor withheld evidence from the appellant, or worked in concert with appellant's counsel in concealing it.
The allegation defense counsel conspired with the prosecutor to deprive appellant of his rights and subvert the reliability of the criminal process is a very serious allegation indeed. Appellant has produced only his assertions this occurred, and points us to no evidence in the record from which this inference could be drawn. The trial court found expressly there was no credible evidence to even remotely suggest trial counsel was anything but effective in his performance of his professional duties to appellant. We agree with the trial court, and accordingly, the first assignment of error is overruled.
 II
In his second assignment of error, appellant urges he was denied the effective assistance of counsel. In Strickland v.Washington (1984), 466 U.S. 668, the United States Supreme Court held in order to demonstrate the accused was denied the effective assistance of counsel, the accused must show his counsel committed a substantial violation of his essential duty to his client, and also show the accused was prejudiced by his counsel's ineffectiveness, Strickland at 687. Ohio uses the Strickland
test, see State v. Bradley (1989), 42 Ohio St.3d 136. To determine whether counsel's ineffectiveness prejudiced the accused, we must determine whether there is a reasonable probability that, but for counsel's ineffectiveness, the result of the trial would have been different, State v. Campbell (1994), 69 Ohio St.3d 38 at 43.
Both appellant and defense counsel testified at the hearing on the petition for post-conviction relief. Appellant testified after he was sentenced the first time, he rode to the correctional reception center with another inmate. On the way to the center, appellant learned the other inmate had information which would have assisted appellant's defense. Appellant had the other inmate write a statement and forward it to defense counsel. Appellant testified counsel never subpoenaed this individual, or several others which appellant believed would provide testimony valuable to his defense. Defense counsel testified he discussed various witnesses with appellant prior to the second trial, and reviewed the trial transcript from the previous trial. Defense counsel testified he recommended not calling at least one of the persons named, and appellant concurred with the recommendation, for a number of reasons, especially because the person's testimony in the prior trial was not helpful. Counsel testified he did not recall specifically discussing with his client the type of sentence he might receive, but testified it was his policy to discuss what counsel's feeling was regarding what the court would do. Counsel emphatically testified he would not promise any particular result.
The trial court found appellant had failed to set forth evidence the trial counsel had failed to appropriately advise appellant, to protect his rights, or neglected his professional duties. Our review of the record leads us to conclude the trial court was correct in these findings.
The State points out this court already addressed this issue in the direct appeal in State v. Spangler (December 8, 1995), Delaware App. # 95CA01001. Accordingly, this claim is also barred by the principles of res judicata.
We find the trial court was correct in finding appellant had come forward with no evidence trial counsel was ineffective. Accordingly, the second assignment of error is overruled.
 III
In his third assignment of error, appellant argues the trial court's decision is against the manifest weight of the evidence, and also, that the trial court failed to fully consider the entire record in reaching its decision.
Appellant cites us to State v. Eley (1978), 56 Ohio St.2d 169, as standing for the proposition this court may not reverse a verdict where there is substantial evidence upon which a trier of fact could reasonably conclude the State had proven all the elements of the offense beyond a reasonable doubt. We have reviewed the record, and we find no indication the court did not fully consider the entire record before reaching its decision, and we further find the record contains substantial credible and competent evidence in support of the trial court's determination. Accordingly, we conclude the trial court's decision is not against the manifest weight of the evidence.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Reader, J., concur.
This cause comes before us upon appellant's motion to supplement filed June 30, 1998. Upon review, the motion is overruled.
IT IS SO ORDERED.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs to appellant.